IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FRANCIS JOSEPH GOLLA,**<br><br>    **Plaintiff,**<br><br>  **v.**<br><br>**OFFICE OF THE CHIEF JUDGE OF COOK COUNTY and ADMINISTRATIVE OFFICE OF ILLINOIS COURTS,**<br><br>    **Defendants.** | **Case No. 11 C 8149**<br><br>**Hon. Harry D. Leinenweber** |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Administrative Office of Illinois Courts' (the "AOIC") Motion to Dismiss. For the reasons stated herein, the Motion is granted.

**I. BACKGROUND**

Plaintiff Francis Joseph Golla ("Golla") is a white employee of the Office of the Chief Judge of Cook County in the Social Service Department. In his Third Amended Complaint (the "TAC"), he alleges that he performs the exact same work and has better qualifications than a similarly situated African American employee. However, the African American employee is in a higher pay grade and therefore receives more pay for the same data entry work.

Plaintiff sues the AOIC under both Title VII (42 U.S.C. § 2000 *et seq.*) and 42 U.S.C. § 1981. The AOIC is the administrative arm

of the Illinois Supreme Court, which supervises all Illinois Courts. The AOIC moves to dismiss under Rule 12(b)(6).

## II. **LEGAL STANDARD**

When evaluating dismissal under Rule 12(b)(6), the Court takes all well-pleaded allegations of the complaint as true and views them in the light most favorable to the plaintiff. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012)

## III. **ANALYSIS**

### A. **42 U.S.C. § 1981**

The AOIC moves to dismiss the § 1981 claim under the defense of sovereign immunity. *Hearne v. Bd. of Educ. of City of Chicago*, 185 F.3d 770, 776 (7th Cir. 1999). Plaintiff blithely replies that "42 U.S.C. § 1981a(a)(1) provides for the recovery of compensatory and punitive damages in a lawsuit arising under 42 U.S.C. § 2000e." Pl.'s Resp. 1. He additionally offers that sovereign immunity does not apply here.

Plaintiff's underdeveloped argument appears to contend that, as long as a Title VII action is filed alongside a § 1981 action, the abrogation of sovereign immunity in Title VII actions is shifted to the § 1981 action by § 1981a(a)(1). There is no support in § 1981a(a)(1) for this far-fetched proposition, and Plaintiff offers no case law for it either.

*Hearne*, on the other hand, notes that "the State of Illinois . . . [cannot] be sued for damages under 42 U.S.C. § 1981,

1982 or 1983. We regard this as so well established that it needs no further discussion." *Hearne*, 185 F.3d at 776. *Hearne* implicitly refutes Plaintiff's argument, as a Title VII charge was also brought in that case. More explicitly, Plaintiff's logic was refuted in an Eastern District of Texas case. *See Yowman v. Jefferson County Cmty. Supervision & Corr. Dep't*, 370 F.Supp.2d 568, 585-586 (E.D. Tex. 2005) (noting § 1981a(a)(1) merely acts to enhance damages in Title VII and other cases.)

Additionally, the Seventh Circuit has warned that Congressional waivers of sovereign immunity must be explicit, and any ambiguity is construed in favor of the sovereign. *Nelson v. Miller*, 570 F.3d 868, 883-884 (7th Cir. 2009). The Court finds no waiver of sovereign immunity in § 1981a(a)(1) in regards to § 1981 actions; the § 1981 count against the AOIC is dismissed with prejudice.

### B. Title VII

Sovereign immunity is not an issue in Title VII actions because Congress abrogated it in regards to these types of actions. *Hearne*, 185 F.3d at 777.

But this case presents the surprisingly novel question of whether the AOIC is the employer, as defined by Title VII, of nonjudicial members of the judicial branch of state government. The novelty is surprising given the frequency with which offices of chief judges around the state are sued; the Court can find no case

in Illinois or Seventh Circuit courts in which this issue has been directly addressed.

AOIC moves to dismiss on two theories: (1) that Plaintiff failed to allege adequately the AOIC is his employer and (2) that even if he had so alleged, the AOIC, as a matter of law, is not his employer.

To determine whether a plaintiff has established an employer-employee relationship, courts look to the following factors: (1) the extent of the employer's control and supervision over the worker, including directions on scheduling and performance of work; (2) the kind of occupation and nature of skill required, including whether skills are obtained in the workplace; (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, workplace, and maintenance of operations; (4) method and form of payment and benefits; and (5) length of job commitment and/or expectations. *Holladay v. CME Group*, No. 11-8226, 2012 U.S. Dist. LEXIS 109175, at *5-7 (N.D. Ill. July 30, 2012) (dismissing complaint where plaintiff alleged only that defendant controlled access to its trading floor but did not allege defendant controlled the manner in which plaintiff performed her day-to-day responsibilities) (citing *Alexander v. Rush N. Shore Med. Ctr.*, 101 F.3d 487, 492 (7th Cir. 1997).

Put more simply "[i]n suits against state entities, [employer] is understood to mean the particular agency or part of the state

apparatus that has actual hiring and firing responsibility." *Hearne*, 185 F.3d at 777 (affirming dismissal of Illinois governor, the State of Illinois and the Illinois Education Labor Relations Board from Title VII action brought by teachers because individual school districts were the teachers' employer, not the defendants). *Accord*, *EEOC v. State of Illinois*, 69 F.3d 167 (7th Cir. 1995); *Holman v. Indiana*, 211 F.3d 399, 401 n.7 (7th Cir. 2001).

The Court notes that the AOIC offers an affidavit that it meets none of the *Alexander* criteria. Consideration of such an affidavit is inappropriate at the motion to dismiss stage, so the Court disregards it. *Friello v. Bank of N.Y.*, 2012 U.S. Dist. LEXIS 147728, at *8-10 (N.D. Ill. Oct. 15, 2012).

Plaintiff argues that the AOIC is his employer based upon the plain language of the Illinois Constitution, Illinois Supreme Court Rules and various state court decisions.

> General administrative and supervisory authority over all courts is vested in the Supreme Court and shall be exercised by the Chief Justice in accordance with its rules. The Supreme Court shall appoint an administrative director and staff who shall serve at its pleasure, to assist the Chief Justice in his duties. . . .

Constitution of the State of Illinois, Article VI, § 16.

> The Administrative Director of the courts shall be generally responsible for the enforcement of the rules, orders, policies and directives of the Supreme Court and the chief justice relating to matters of administration. At the direction of the chief justice and the Supreme Court, the Administrative Director

> shall develop, compile and promulgate administrative rules and directives relating to case processing, records and management information services, *personne*l, budgeting and such other matters as the chief justice and the Supreme Court shall direct.

Illinois Supreme Court Rule 30(b) (emphasis added).

Plaintiff points to *Baker v. DuPage County* as support for his argument that AOIC is the employer. *Baker v. DuPage County*, 703 F.Supp 735, 737 (N.D. Ill. 1980). However, as the Court reads *Baker*, it stands merely for the proposition that a state circuit court secretary was not an employee of the county, *not* that AOIC was her employer for Title VII purposes. Plaintiff similarly misreads *Warren v. Stone*, 958 F.2d 1419, 1422 (7th Cir. 1992).

Plaintiff also cites to *Orenic v. Illinois State Labor Relations Board,* in which the Illinois Supreme Court decided that "the State, not a county, is the sole employer of all court employees." *Orenic v. Illinois State Labor Relations Board*, 537 N.E.2d 784, 795 (1989). That case involved collective bargaining of state court employees and was decided on the basis of the Illinois Constitution's separation of powers provisions. Plaintiff argues that such Illinois Constitutional considerations should take precedence over any failure to meet the Title VII employer test of *Alexander*. *Orenic*, 537 N.E.2d at 799.

This is a valiant argument, but incorrect. "Identification of an 'employer' under Title VII is a question of federal law."

*Carver v. Sheriff of LaSalle Cnty.*, 243 F.3d 379, 382 (7th Cir. 2001) (citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 754-55 (1998)). Thus, courts have held that a state court's decision of who the employer is not dispositive in Title VII circumstances. *See Husick v. Allegheny County*, No 07-1175, 2010 U.S. Dist. LEXIS 46022, at *12 (W.D. Penn. May 10, 2010) (ruling that a Pennsylvania Supreme Court decision that judicial employees were employed by the state court system was not dispositive of whether the employee was a county employee for Title VII purposes).

Here, Plaintiff alleges the AOIC has general administrative and supervisory authority over the Illinois judicial branch and the Chief Judge of the Circuit Court of Cook County, and that Plaintiff is a "nonjudicial member of the judicial branch of state government by and through the Administrative Office of the Illinois Courts." TAC, 3. Nowhere does the Complaint allege that the AOIC directs Plaintiff's day-to-day activities or has authority to hire and fire him as required by *Hearne*. To the contrary, the Complaint alleges that "Plaintiff has been assigned by supervisors and agents *of the Chief Judge* to work in the social service department" and "Plaintiff has been assigned by supervisors and agents *of the Chief Judge* to work alongside Mr. Taylor." *Id*. at 3-4 (emphasis added). While there has been explicit criticism of the Seventh Circuit's employer determination in *Hearne* and other cases (*Federer v. State of N. Dakota, et al.,* 447 F.Supp.2d 1053 (D. N.D., 2006)), that

criticism does not release this Court from the binding authority of the Seventh Circuit. Therefore, consistent with *Holladay* and *Hearne,* the Title VII action against AOIC is dismissed as well.

### IV. <u>CONCLUSION</u>

For the reasons stated herein, Defendant AOIC is dismissed as a Defendant in this lawsuit.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

**DATE:** 11/8/2012