```
IN THE UNITED STATES DISTRICT COURT
    NORTHERN DISTRICT OF ILLINOIS
          EASTERN DIVISION
```

**FRANCIS JOSEPH GOLLA,**

        **Plaintiff,**

    v.

**OFFICE OF THE CHIEF JUDGE OF COOK COUNTY and COOK COUNTY, ILLINOIS,**

**Defendants.**

Case No. 11 C 8149

Hon. Harry D. Leinenweber

# ORDER

Defendants' Motion to Dismiss Count II of Plaintiff's Fourth Amended Complaint is granted.

## STATEMENT

Plaintiff Francis Joseph Golla ("Plaintiff"), a male Caucasian, has been employed in the Office of Chief Judge of the Circuit Court of Cook County ("Chief") since 1983. In 2004 he was assigned to work in the Department of Social Services. At all material times he has been classified as an Administrative Assistant and has been paid at Grade 14. Since May 29, 2009, Deotis Taylor ("Taylor"), an African American male, has also been employed as an Administrative Assistant in the Department of Social Services. The duties assigned to Taylor are the same as the duties assigned to Plaintiff, which are essentially data entry clerical work. Taylor was originally hired in 1994 as a Court Coordinator V and was given a Grade 20. In 1998 he was promoted to Jury Room Manager and given a Grade 22. He took a leave of absence in 2007 at which time his job title was Legal Systems Analyst and was at a Grade 22. When he returned from his

leave of absence, he apparently was assigned to the Department of Social Services but according to his personnel file he was still carried as a Legal Systems Analyst at Grade 22.  Because Taylor was listed as a Grade 22 he was paid more than Plaintiff who was listed as a Grade 14.  Plaintiff, in his Fourth Amended Complaint, claims this pay discrepancy is a violation of Title VII (Count I), and Section 1983, based on alleged violation of the Equal Protection Clause and the First Amendment (Count II).  Defendants have moved to dismiss the Section 1983 claim (Count II).

Plaintiff's first theory for his Section 1983 claim is that Taylor was the beneficiary of his higher classification and higher pay because "he had performed political activities in the form of 'door knocking' on behalf of political candidates . . ." and that somehow this violates the Plaintiff's First Amendment rights.  However, the Complaint does not allege that Plaintiff was denied anything.  He was hired as a Grade 14 employee and remained at Grade 14 until he retired in 2013.  The Complaint does not allege that he attempted to have his grade level increased nor does it allege that he was denied a high grade level because of his political activities or lack of political activities.  *See, Elrod v. Burns,* 96 S.Ct. 2673 (1976) and *Branti v. Finkel,* 100 S.Ct. 1287 (1980).  These First Amendment cases were limited to hiring practices and the Supreme Court specifically declined to extend their reach to normal patronage practices related to hiring, promoting, transferring, and rehiring state employees.  However, as pointed out by Plaintiff in *Rutan v. Republican Party of Illinois,* 110 S.Ct. 2729 (1990), the Supreme Court extended the principle of *Burns* and *Branti* to "patronage promotions, transfers, and rehires which were at issue in that case.

However, what is missing in this case is any negative employment decision that was directed specifically at Plaintiff due to his failure to perform political activities. Plaintiff was not refused anything. He was not the recipient of any negative action related to his employment. His only complaint is that Taylor was paid more than him. This can well be a violation of Title VII, either under the equal pay provision or as a result of racial discrimination. However, it is not a violation of the First Amendment. The gist of *Burns, Branti* and *Rutan* is that economic pressure exerted by the government to cause a government employee to support a political party or cause against his wishes violates the employee's First Amendment rights. The Complaint does not allege that the Chief Judge demanded or even requested that he perform political activities. He could not have felt pressure because he claims that he did not find out that Taylor was paid more than him until he learned this in discovery in this case.

Plaintiff's last theory as to Section 1983 liability is that the Defendants' actions against him violated the Equal Protection clause of the Fourteenth Amendment. Presumably Plaintiff is contending that paying Taylor more than himself is irrational and therefore denies him equal protection. However, the Supreme Court in *Engquist v. Oregon Dept. Of Agriculture,* 128 S.Ct. 2146, 2151 (2008) held that there is "a crucial difference, with respect to constitutional analysis, between the government exercising 'the power to regulate or license, as lawmaker,' and the government acting ' as proprietor, to manage [its] internal operation." The Court went on to point out that the Court has "never found the Equal Protection Clause implicated in the specific circumstance where, as here, government employers are alleged to have made an individualized, subjective personnel

decision in a seemingly arbitrary or irrational manner." It is for this reason that the Congress and the States have replaced at will employment with various statutory schemes protecting public employees. *Id.* at 2156. Plaintiff clearly has failed to show an equal protection violation.

Defendants argue that the Plaintiff's Section 1983 claim is barred by the two-year statute of limitations. However, Defendants did not raise this argument until their Reply Brief and it is therefore waived.

The Motion to Dismiss Count II of Plaintiff's Fourth Amended Complaint is granted.

Harry D. Leinenweber, Judge  
United States District Court

Dated:11/13/2014